UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEITH JENNINGS,

Petitioner.

v. 5:03-cv-1207
5:98-cr-418

UNITED STATES OF AMERICA,

Respondent.

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

Petitioner was convicted of seven criminal counts related to involvement in a continuing criminal enterprise. Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set-aside, or correct his sentence. Petitioner has since filed a number of supplemental pleadings in support of this motion. The Government filed a motion to dismiss the petition (as amended) in its entirety.

## I. BACKGROUND

On December 2, 1998, the Government filed an indictment charging Petitioner in connection with a narcotics conspiracy based in Utica, New York. On March 17, 1999, Petitioner was tried on seven counts: engaging in a continuing criminal enterprise ("CCE"); conspiracy to distribute cocaine, cocaine base, and marijuana; possession with intent to distribute cocaine; possession with intent to distribute cocaine base; and

conspiracy to commit money laundering.[1] After a jury trial, Petitioner was found guilty on all counts. During sentencing, the trial court placed Petitioner at a base offense level of 38 with a level II criminal history. The court applied a four-point enhancement for Petitioner's leadership role in the CCE and another two-point enhancement for the use of a minor during the course of a drug trafficking crime. This resulted in a total offense level of 44, which was reduced to 43, the maximum level under the United States Sentencing Guidelines. Based on this calculation, Petitioner was sentenced to life imprisonment on the CCE and the substantive cocaine base charges. In addition, Petitioner was sentenced to 20 years each on the substantive cocaine counts and the conspiracy to commit money laundering count. The narcotics conspiracy was vacated as a lesser included offense of the CCE conviction.

After trial, Petitioner filed an appeal to the Court of Appeals for the Second Circuit.[2] On appeal, Petitioner claimed that the trial court erroneously failed to instruct the jury that it was required to find three prior violations of Title 21 to convict him on the CCE count. Petitioner also contended that there was insufficient evidence of the quantity of drugs involved in the conspiracy to support a base offense level of 38. Likewise, Petitioner asserted that because drug quantity was neither charged nor submitted to the jury, Petitioner's sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), which entitles a criminal defendant to notice and jury determination of every element of a charged crime, id. at 476–77. Petitioner further argued that the trial court

---

[1]Petitioner was represented at trial by Stephen Lance Cimino, Esq..

[2]Alexander Bunin, Esq., of the Federal Public Defender for the Northern District of New York and Vermont represented Petitioner on appeal.

erroneously enhanced his offense level for Petitioner's use of minors in the course of the conspiracy and incorrectly calculated his criminal history by including a conviction for conduct that was part of the instant offense.

The Second Circuit affirmed Petitioner's conviction. United States v. Jennings, 29 Fed. App'x. 645 (2d Cir. 2002). The Second Circuit found that any error in the jury instructions was harmless because the jury unanimously agreed upon four separate violations of the drug laws. Id. at 5. The Circuit Court also found that the trial court correctly calculated a base level of 38 because Petitioner was responsible for 29,240 kilograms of marijuana in documented undercover buys and the estimated quantities provided by several confidential informants pushed the overall amount above the 30,000 kilograms required for a base level of 38. Id. at 5–6. The Second Circuit explained that, to fall below this threshold, it would have to discredit all informant testimony, which it was unwilling to do. Id. at 6. The Circuit Court also held that the two-point enhancement for use of a minor was correct because, even if the enhancement did not properly apply to the CCE count, it would nevertheless attach to the cocaine and cocaine base convictions. Id. Finally, the Second Circuit affirmed the use of Petitioner's prior conviction to place him in Criminal History Category II. Id.

## II. DISCUSSION

In the instant motion, Petitioner alleges six grounds in support of his motion to vacate, set-aside, or correct his sentence: (1) that the trial court's jury instructions for the CCE charge were erroneous (Mot. to Vacate at 6); (2) that the trial court erred in

determining the base offense level, id. at 9; (3) that the trial court erred in determining Petitioner's criminal history, id. at 14; (4) that the trial court should have applied certain amendments to the Sentencing Guidelines to reduce his sentence, id. at 9; (5) that the Government failed to meet its burden of proving every element of the CCE count, id. at 1; (6) that Petitioner was deprived of his constitutional right to the effective assistance of counsel, id. at 16; and (7) that the trial court imposed life sentences in violation of the Supreme Court's recent ruling in United States v. Booker, 543 U.S. 220 (2005) (Mot. Requesting Leave to File Third Supp. Pl'g at 2).

The first three grounds were presented on appeal to the Second Circuit and rejected by that court. Jennings, 29 F.App'x 645 (2d Cir. 2002). Thus, these issues are not properly before this Court. A motion for habeas corpus relief pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. Sapia v. United States, 433 F.3d 212, 217 (2d Cir. 2005). A habeas motion also is not an opportunity for a second bite at the apple for matters raised and considered on direct appeal. United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001). Accordingly, this opinion addresses only the final four grounds Petitioner raises in his motion, treating grounds 5 and 6 concurrently.

**A. Whether the Court should have applied Amendments 505 and 591 to the Sentencing Guidelines to reduce Petitioner's sentence.**

Petitioner argues that Amendment 505 to the Sentencing Guidelines, effective November 1, 1994, should apply to reduce his sentence. (Mot. to Vacate at 9). Amendment 505 caps the maximum drug level under the Guidelines to level 38. Amendment 505, Appendix C (Volume I), Amendments to the Guidelines Manual (Nov.

2005); see U.S. v. Desdune, No. 96-2367, slip op. at 1 (2d Cir. 1996). Petitioner argues that this Court should apply Amendment 505 to reduce Petitioner's base level to 38. (Mot. at 9). The Court rejects this argument. The Court calculated Petitioner's base level to be 38. The offense level was increased through the application of enhancements. Although Amendment 505 places a ceiling on the base level, it does not foreclose increasing a defendant's sentence through enhancements. See U.S. v. McBride, 283 F.3d 612 (3d Cir. 2002) (applying Amendment 505 to reduce defendant's sentence but not disturbing enhancement for possession of a firearm).

Petitioner also asserts that Amendment 591 should apply to reduce his sentence by removing the enhancement for use of a minor. (Mot. at 11). Amendment 591, effective Nov. 1, 2000, requires that a court's initial selection of a particular offense guideline must be based only on the statute under which a defendant is convicted, rather than judicial findings of conduct such as drug quantity. Amendment 591, Appendix C (Volume II), Amendments to the Guidelines Manual (Nov. 2005); see U.S. v. Rivera, 293 F.3d 584 (2d Cir. 2002). Petitioner argues that the trial court failed to apply Amendment 591 and thus this Court should vacate the two-level enhancement of his sentence on the CCE count. (Mot. at 11). Petitioner correctly indicates that the enhancement under Sentencing Guidelines section 2D1.2, governing conspiracy to commit drug offenses involving underage individuals, only applies if Petitioner is convicted of certain offenses. See United States Sentencing Comm'n, Guidelines Manual, § 2D1.2, Statutory Provisions (Nov. 2005)(indicating that section 2D1.2 only applies if defendant is convicted of 21 U.S.C. §§ 859, 860, or 861). Petitioner was not

convicted of those offenses. However, the Court did not rely on section 2D1.2 and instead used the enhancement under section 3B1.4, governing use of a minor to commit crimes. See Jennings, 29 F.App'x at 6. The court properly employed this enhancement under the statute for which Jennings was convicted, 21 U.S.C. § 848. See U.S. v. Sanchez, 162 F.App'x 778, 779–781 (affirming trial court's use of § 3B1.4 enhancement on defendant's sentence under 21 U.S.C. § 848).

**B. CCE Conviction and Ineffective Assistance of Counsel**

Petitioner next claims that the Government did not meet its burden of proof with regard to the CCE conviction. Specifically, Petitioner contends that the Government did not present sufficient evidence to prove that Petitioner organized, supervised or managed five people within the meaning of the CCE statute. Petitioner did not raise this issue on direct appeal to the Second Circuit and, thus, the claim is procedurally forfeited unless Petitioner can show "(1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Sapia, 433 F.3d at 217. In his motion to vacate, set-aside, or correct the sentence, Petitioner suggests that he did not raise this issue on appeal because of the ineffective assistance of counsel. See Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994) (recognizing that ineffective assistance of counsel is cause for avoiding procedural default).

The Supreme Court has recognized a right under the Sixth Amendment to effective counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984); Brown v. Artuz, 124 F.3d 73, 74 (2d Cir. 1997). To claim ineffective assistance of counsel under Strickland, Petitioner must satisfy a two-prong test. First, Petitioner must show that

counsel's performance fell below reasonable professional standards. Strickland, 466 U.S. at 686. This is a difficult burden to meet because courts will presume that counsel rendered adequate assistance and will recognize that professional standards may vary. Id. at 689. Petitioner cannot generally allege error but must point to specific deficiencies. See Roe v. Flores-Ortega, 528 U.S. 470, 482 (2000); U.S. v. Eyman, 313 F.3d 741, 743 (2d Cir. 2002)(rejecting claim because petitioner failed to indicate specific errors caused by counsel's alleged mental illness). Second, Petitioner must establish that the "deficient performance [of counsel] prejudiced the defense." Id. at 686. To meet this burden, Petitioner must demonstrate a reasonable chance that the outcome of the proceeding would have been different but for the inadequate performance by defense counsel. Id.

*Effectiveness of Trial Counsel.*

In his motion for habeas relief, Petitioner alleges that his counsel was ineffective during trial and sentencing for several reasons. Petitioner claims that counsel (1) failed to move to dismiss the indictment for lack of drug quantity (Mot. to Vacate at 23), (2) failed to challenge the Government's proof of the CCE charge, id. at 17, (3) failed to question the allegedly improper use of the sentencing guidelines and enhancements, id., and (4) failed to advise Petitioner of his Fifth Amendment right to testify at trial after Petitioner specifically expressed his desire to testify, id. at 24.

Upon review of Petitioner's claims, this Court finds that trial counsel rendered adequate assistance. Petitioner alleges that counsel failed to move to dismiss the indictment for lack of drug quantity. (Mot. at 23). However, based on the state of the

law at the time, it was not unreasonable for counsel to fail to move to dismiss the indictment for this reason. Prior to the Supreme Court's holding in Apprendi, 530 U.S. 466, drug quantity was not an element of the crime of which the government had to give defendants notice. Thus, at the time of the trial, the indictment was not deficient solely because it did not allege drug quantity.

Petitioner further contends that trial counsel failed to vigorously defend against the Government's proof that Petitioner organized, supervised, or managed five individuals under 21 U.S.C. § 848. However, the record reveals that counsel acted professionally in his defense of the CCE count. Counsel cross-examined witnesses (see, e.g., Tr. at 727), sought discovery (see, e.g., Docket Doc. 201), requested Petitioner's desired jury instructions regarding the CCE count (see, e.g., Docket Doc. 323), and objected to the court's jury instruction regarding the CCE count (see Mot. at 6). Thus, in the absence of any allegations of specific missteps by counsel in the CCE defense, this Court will presume that trial counsel's performance was adequate. See Eyman, 313 F.3d at 743.

Petitioner also claims that trial counsel failed to challenge the court's sentence and enhancements on various counts. (Mot. at 17). However, before sentencing, counsel filed a memorandum refuting several facts relevant to sentencing (see Docket Doc. 566). Likewise, counsel's failure to contest the sentence on the basis of Guideline Amendments would have been fruitless, for the reasons previously explained.[3] Thus, Petitioner fails to point to any facts demonstrating that trial counsel's performance in the

[3] See supra, at Section A.

sentencing phase was unreasonable.

Petitioner next maintains that trial counsel rendered ineffective assistance because he did not inform Petitioner of his Sixth Amendment right to testify and refused to permit Petitioner to testify on his own behalf despite repeated requests by Petitioner. (Mot. at 24–25). Defense counsel's failure to permit a defendant from testifying on his own behalf does not amount to ineffective assistance if it does not prejudice the defendant. See U.S. v. Betancur, 84 F.App'x 131, 135 (2d Cir. 2004) (holding no prejudice because defendant did not explain how her testimony would have changed outcome of trial). Counsel's failure does not prejudice the defendant if there is no reasonable probability that defendant's testimony could have changed the outcome of his trial, in light of plentiful evidence of his guilt. See id.; Rega v. United States, 263 F.3d 18, 21–26 (2d Cir. 2001) (holding defendant claiming that counsel refused to let him testify must demonstrate how his testimony would have changed the course of the trial).

Here, Petitioner asserts that he would have contradicted the testimony of certain witnesses. (Mot. at 25). However, Petitioner has not explained what facts he would have offered to sway the jury or how his testimony would have changed the outcome of the trial. See Betancur, 84 F.App'x at 135. Moreover, the Government presented substantial evidence of Petitioner's guilt on all charges. (See Docket Nos. 360–367, 372, 373 (indicating that Government called approximately 50 witnesses against defendant)). At least two witnesses specifically testified as to the CCE count. (See Pet. Ex. C In Support of Sworn Affidavit (excerpted testimony of Roy Douglas); Pet. Ex. I (excerpted testimony of Hope Thomas)). Moreover, there was ample evidence of

Petitioner's participation in a continuing criminal conspiracy, including videotaped and audiotaped drug sales by Jennings, substantial details in testimony, and physical evidence such as drugs, ledgers, and notebooks. (See Gov't Response to Motion, Feb. 6, 2006, at 16). Thus, there was no reasonable probability that Petitioner's testimony would have changed the course of the trial. See Betancur, 84 F.App'x at 135; Rega, 263 F.3d at 21–26. In other words, the outcome of the trial is largely attributed to the evidence against the defendant and not to the inadequacies of counsel's performance.

*Effectiveness of Appellate Counsel*

Although Strickland specifically pertained to trial counsel, the same standard for error applies for appellate counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994); Abdurrahman v. Henderson, 897 F.2d 71, 74 (2d Cir. 1990). Like trial counsel, appellate counsel enjoys a strong presumption of reasonable professional assistance. Strickland, 466 U.S. at 689. Moreover, courts will consider any errors by appellate counsel in the aggregate. Lindstadt v. Keene, 239 F.3d 191, 199 (2d Cir. 2001).

The Strickland standard for prejudice also applies for appellate counsel as well as trial counsel. Mayo, 13 F.3d at 533; Abdurrahman, 897 F.2d at 74. Appellate counsel need not raise every nonfrivolous argument on appeal. Jones v. Barnes, 463 U.S. 745, 753-54 (1983); Collier v. United States, 92 F.Supp.2d 99, 103 (N.D.N.Y. 2000). Rather, counsel provides objectively unreasonable assistance only if he or she has ignored "significant and obvious issues," Mayo, 13 F.3d at 533, and instead raised issues that were "clearly and significantly weaker," id.. That is, unless the ignored issue is clearly stronger than the arguments presented, counsel has not made an

unreasonable judgment. Mayo, 13 F.3d at 533.

Petitioner must further show that, but for appellate counsel's unsatisfactory performance, the appellate court would have granted a new trial. See Mayo, 13 F.3d at 536. The standard to grant a new trial over a jury verdict is generally high. See U.S. v. Plitman, 194 F.3d 59, 66 (2d Cir. 1999) (holding that courts will not overturn jury findings unless no rational trier of fact could have found the fact beyond a reasonable doubt). However, appeals courts will grant new trials for errors in jury instructions. See, e.g., Bank of China v. NBM LL.C., 359 F.3d 171 (2d Cir. 2004); Jin v. Metropolitan Life Ins. Co., 310 F.3d 84 (2d Cir. 2002).

Petitioner maintains that appellate counsel was ineffective because counsel (1) did not challenge the indictment for failing to charge a specific quantity of drugs (Mot. to Vacate at 27), (2) did not challenge the trial court's use of the Sentencing Guidelines, id. at 18, and (3) failed to contest the jury's findings on the CCE count, id.. Petitioner also asserts that his trial was prejudice by the cumulative impact of several deficiencies during the pretrial, trial, sentencing, and direct appeal stages. Id. at 28.

This Court rejects these claims. As to the first ground, the record reveals that appellate counsel did challenge the drug quantity issue. (See Petr's Brief at 15–17). As to the second ground, Petitioner claims that appellate counsel failed to urge the court to apply Amendments 505 and 591 to reduce Petitioner's sentence on the cocaine counts, and failed to challenge the court's use of enhancements on the CCE count. (Mot. to Vacate 18). However, for reasons previously explained, arguing for the application of these Amendments is not a clearly stronger strategy than pursuing the

sentencing issues appellate counsel did raise. See Mayo, 13 F.3d at 533. Moreover, given the lack of merit of these arguments, any error by appellate counsel did not prejudice the appeal of the outcome. See id. at 536.

Petitioner next contends that the failure of appellate counsel to contest the jury finding that Petitioner organized, supervised, or managed five individuals under section 848 of Title 21 constituted Strickland error. (Mot. at 18). Petitioner has not pled facts in his motion sufficient to prove that this CCE issue was clearly stronger than appellate counsel's challenge of the CCE conviction. See Mayo, 13 F.3d at 533. Even if Petitioner had pled sufficient facts, counsel's overall strategy on appeal was reasonable. See Lindstadt, 239 F.3d at 199.

Petitioner argues that his relationship with Douglas and Thomas was not supervisory within the meaning of the statute. (Mot. to Vacate 3–5). Petitioner represents that Douglas worked for Petitioner carrying cocaine (Mot. at 3), but contends that Douglas was an "errand boy" or "gofer" [sic] and incapable of being organized to engage in orderly activity, id. at 5. Likewise, Petitioner indicates that Thomas was his "main supplier" of marijuana, id. at 3, but characterizes their acquaintance as a mere buyer-seller relationship rather than a managerial association, id. at 4.

However, Petitioner has not demonstrated that appellate counsel acted unreasonably by failing to challenge the jury's findings on the CCE count. The CCE argument Petitioner articulates in his motion is not "obvious and significant." See Mayo, 13 F.3d at 533. Petitioner himself admits that Douglas was a "gofer" [sic] in the enterprise (Mot. at 5) and trial testimony strongly suggests that Petitioner had managerial authority over Douglas (see, e.g., Tr. at 1410–1420). Cf. Giles, 210 F.3d at

*4. Although the evidence regarding Thomas is less clear, it is not "obvious" that Petitioner lacked control over Thomas. According to trial testimony, Thomas and Petitioner shared a buyer-supplier relationship (Tr. at 589–602) and Thomas herself determined the price of the cocaine (Tr. at 601). See Lindsey, 123 F.3d at 987. However, Thomas arranged drug sales for Petitioner (Tr. at 597–601) and did not profit from these sales (Tr. at 597, 597–602).

Moreover, Petitioner's CCE argument is not clearly stronger than the argument appellate counsel raised regarding the CCE count. See Mayo, 13 F.3d at 533. On appeal, counsel challenged Petitioner's conviction on the ground that this Court erroneously failed to instruct the jury that it had to unanimously agree to a series of three violations of Title 21 to establish a continuing criminal enterprise under subsection 848 of that Title. See Jennings, 29 F.App'x at 4. Appellate counsel likely was aware that trial courts often grant new trials based on erroneous jury instructions. See Bank of China, 359 F.3d 171; Jin, 310 F.3d 84. By comparison, the standard to overturn a jury verdict is high. See Plitman, 194 F.3d at 66. Thus, this Court finds that counsel did not render unreasonable assistance.

Furthermore, this court finds that Petitioner's appellate counsel acted reasonably considering the appeal as a whole. In addition to challenging Petitioner's CCE conviction, counsel also contested the trial court's use of the sentencing guidelines and enhancements. See Jennings, 29 F.App'x at 3–4. Counsel's decision to emphasize sentencing issues was reasonable given that, even if the Circuit overturned the CCE conviction, Petitioner nevertheless faced life sentences on the substantive cocaine counts as well as two other 20-year sentences. Thus, counsel was acting within the

scope of reasonable discretion in formulating the overall appeal strategy. See Strickland, 466 U.S. at 486; Lindstadt, 239 F.3d at 199.

Because this Court has found that appellate counsel provided effective assistance, this Court need not determine whether counsel's failure to raise the CCE issue prejudiced the outcome of the appeal. See Strickland, 466 U.S. at 697; Jackson v. Lacy, 74 F. Supp.2d 173, 182 (N.D.N.Y. 1999). Moreover, Petitioner has not alleged facts sufficient to establish prejudice resulting from the cumulative impact of any errors. Cf. Matthews v. Abramajtys, 92 F. Supp.2d 615 (E.D. Mich. 2000)(holding cumulative prejudice given three distinct errors of trial counsel that together gave jury misleading impression of merits of case). Because Petitioner has not demonstrated that trial or appellate counsel were ineffective under Strickland, this Court rejects this ground for relief as well.

**C. Whether the Court imposed life sentences that violated the Supreme Court's recent ruling in United States v. Booker.**

Lastly, Petitioner asserts that the life sentences that the trial court imposed for counts 19 and 22, the substantive cocaine base counts, violated the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Booker held that every sentencing factor must be submitted to the jury, rather than simply being found by a judge. Booker, 543 U.S. at 223. Petitioner argues that no specific drug amount was submitted to the jury during sentencing, violating his right to jury trial under Booker. (Mot. Requesting Leave to File Third Supp. Pl'g at 2). This argument must be rejected because Petitioner's conviction and sentencing occurred before the Booker decision

and Booker does not apply retroactively on collateral review. Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005).

## III. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss the Petition is GRANTED. Petitioner's motion to vacate, set-aside or correct his sentence is DISMISSED.

IT IS SO ORDERED.

Dated: July 11, 2007

Thomas J. McAvoy
Senior, U.S. District Judge